**E-filed 5/22/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 06-6910 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| S. HATTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant

to 42 U.S.C. § 1983 against Salinas Valley State Prison employees.  Plaintiff has been granted

leave to proceed in forma pauperis in a separate written order.  The Court reviews Plaintiff's

claims pursuant to 28 U.S.C. § 1915A and orders service of the complaint on the named

Defendants.

**BACKGROUND**

Plaintiff alleges that on April 23, 2004, he was classified as "Porter Only Support

Services Waiting List" due to his being a victim of assault in the kitchen and his federal lawsuits

against CDC kitchen personnel.  On October 15, 2005, Plaintiff was mistakenly assigned to the

1  main kitchen at Salinas Valley State Prison ("SVSP").  Plaintiff filed a "602 Appeal" on October

2  19, 2005, and spoke to SVSP Main Kitchen Sergeant Prior, who read Plaintiff's "128 G Chrono"

3  and told Plaintiff that he would write a chrono and had Plaintiff escorted out of the kitchen by

4  Officer Ayala.  See Complaint at 5.

5          On November 4, 2005, Plaintiff resubmitted his appeal after it was denied by the SVSP

6  Assignment Sergeant.  It was then assigned to Sergeant Prior for first level of review and granted

7  on November 22, 2005.  Plaintiff was transferred from SVSP to federal court for trial on

8  November 22, 2005 after midnight.  See Complaint at 5.

9          On November 22, 2005, defendant G. Schopf filed a false rules violation report ("RVR")

10  against Plaintiff for refusal to work.  On January 26, 2006, defendant S. Hatton denied Plaintiff

11  the right to confront his accuser or call witnesses.  Thereafter, Plaintiff was found guilty of the

12  rules violation report.  Plaintiff contends that defendants G. Schopf and S. Hatton denied his

13  right to procedural due process in his pending appeal and retaliated against him for pursuing this

14  appeal and because Plaintiff was suing another Correctional Officer.  Plaintiff alleges that

15  Defendants denied his substantive due process in filing a false charge of refusal to work.  See

16  Complaint at 3, 5.

17          Plaintiff names the following Defendants in his complaint: SVSP Correctional Lieutenant

18  S. Hatton and SVSP Correctional Officer G. Schopf.  Plaintiff seeks injunctive relief, a

19  declaratory judgment, compensatory and punitive monetary damages, costs of suit, reasonable

20  attorney's fees, and further relief as the Court deems proper.  See Complaint at 2, 3-4.

**DISCUSSION**

21

22  A.      Standard of Review

23          Federal courts must engage in a preliminary screening of cases in which prisoners

24  seek redress from a governmental entity or officer or employee of a governmental entity.  28

25  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

26  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

27  seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

28  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv                          2

1  F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

3  elements: (1) that a right secured by the Constitution or laws of the United States was violated,

4  and (2) that the alleged deprivation was committed by a person acting under the color of state

5  law. West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      1.    **Due Process**

8  Prisoners retain their right to due process subject to the restrictions imposed by the nature

9  of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus, although prison

10  disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due

11  a defendant in such proceedings does not apply, the Due Process Clause requires certain

12  minimum procedural protections if (1) State statutes or regulations narrowly restrict the power of

13  prison officials to impose the deprivation, and (2) the liberty in question is one of "real

14  substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995); Wolff, 418 U.S. at 556-57,

15  571-72 n.19.

16  California's regulations concerning discipline provide explicit standards that narrowly

17  fetter official discretion. See Cal. Code Regs. tit. 15, § 3320(l) (requiring guilt to be proven by

18  preponderance of evidence standard); § 3320(a) (requiring notice); § 3320(b) (requiring

19  hearing); Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations,

20  which are similar to California's, create liberty interest). The Court assumes for the purpose of

21  this discussion that the sanctions imposed against Plaintiff were deprivations of liberty of real

22  substance.

23  Wolff established five procedural requirements for prison disciplinary hearings

24  implicating the Due Process Clause. First, "written notice of the charges must be given to the

25  disciplinary-action defendant in order to inform him of the charges and to enable him to marshal

26  the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time

27  after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the

28  appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv                    3

1   by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id.

2   (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing

3   disciplinary proceedings should be allowed to call witnesses and present documentary evidence

4   in his defense when permitting him to do so will not be unduly hazardous to institutional safety

5   or correctional goals."  Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th

6   Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on

7   case by case analysis of potential hazards of calling particular person).  Fifth, "[w]here an

8   illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the

9   inmate will be able to collect and present the evidence necessary for an adequate comprehension

10  of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate

11  substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."  Wolff, 418 U.S.

12  at 570.  The Court specifically held that the Due Process Clause does not require that prisons

13  allow inmates to cross-examine their accusers, see id. at 567-68, and does not give rise to a right

14  to counsel in the proceedings, see id. at 569-70.

15      In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court held that the minimum

16  requirements of procedural due process also require that the findings of the prison disciplinary

17  board be supported by some evidence in the record.  Id. at 454.  An examination of the entire

18  record is not required nor is an independent assessment of the credibility of witnesses or

19  weighing of the evidence.  See id.  The relevant question is whether there is any evidence in the

20  record that could support the conclusion reached by the disciplinary board.  Id. at 455.  The

21  Ninth Circuit additionally has held that there must be some indicia of reliability of the

22  information that forms the basis for prison disciplinary actions.  See Cato v. Rushen, 824 F.2d

23  703, 704-05 (9th Cir. 1987).

24      The fact that a prisoner may have been innocent of disciplinary charges brought against

25  him, however, does not give rise to a constitutional claim.  The Constitution demands due

26  process in prison disciplinary procedures, not error-free decision-making.  See Ricker v.

27  Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir.

28  1983).

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv                    4

1    Plaintiff alleges that defendant G. Schopf filed a false rules violation report against him

2  for refusal to work.  Defendant S. Hatton denied Plaintiff the right to confront his accuser or call

3  witnesses.  Thereafter, Plaintiff was found guilty of the rules violation report.  Plaintiff contends

4  that defendants G. Schopf and S. Hatton denied his right to procedural due process in his

5  pending appeal and retaliated against him for pursuing this appeal and because Plaintiff was

6  suing another Correctional Officer.

7    Plaintiff's claim that he was denied due process in the failure to confront his accuser at

8  his prison disciplinary hearing is not cognizable under 42 U.S.C. § 1983.  See Wolff, 418 U.S. at

9  567-68.  Liberally construed, Plaintiffs remaining allegations are sufficient to state a cognizable

10  due process claim.  The Court will order service of this claim on the named Defendants.

11    **2.    Retaliation**

12    Retaliation by a state actor for the exercise of a constitutional right is actionable under 42

13  U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper.  See

14  Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).  Retaliation, though it is

15  not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to

16  chill individuals' exercise of constitutional rights.  See Perry v. Sindermann, 408 U.S. 593, 597

17  (1972).  "Within the prison context, a viable claim of First Amendment retaliation entails five

18  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

19  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

20  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

21  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

22  (footnote omitted); accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v.

23  Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (same).

24    A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

25  accused of conduct which may result in the deprivation of a protected liberty interest.  See

26  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951

27  (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary

28  hearing, allegations of a fabricated charge fail to state a claim under § 1983.  See Hanrahan v.

1   Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  However, if fabricating charges against an

2   inmate infringes on a substantive constitutional right, e.g. the right of access to the courts, the

3   mere presence of procedural protections cannot defeat a claim for denial of the substantive

4   constitutional right.  See, e.g., Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988) (filing of

5   false charges against prisoner in retaliation for his cooperation with state investigators

6   constituted violation of prisoner's substantive constitutional rights).  Similarly, a claim that false

7   disciplinary charges were filed in retaliation for a grievance submitted under established

8   procedures is actionable under § 1983.  See Sprouse, 870 F.2d at 452.

9          Plaintiff claims that defendant G. Schopf filed a false rules violation report against

10  Plaintiff for refusal to work.  On January 26, 3006, defendant S. Hatton denied Plaintiff the right

11  to confront his accuser or call witnesses.  Thereafter, Plaintiff was found guilty of the rules

12  violation report.  Plaintiff contends that defendants G. Schopf and S. Hatton retaliated against

13  him for pursuing his appeal and because Plaintiff was suing another Correctional Officer.

14  Plaintiff alleges that Defendants denied his substantive due process in filing a false charge of

15  refusal to work.  Liberally construed, plaintiff's allegations satisfy the pleading requirements for

16  a First Amendment retaliation claim.  The Court will order service of this claim on the named

17  Defendants.

## CONCLUSION

19     1.     The Clerk shall issue a summons and the United States Marshal shall serve,

20  without prepayment of fees, copies of the amended complaint in this matter (docket no. 1), all

21  attachments thereto, and copies of this order on Defendants S. HATTON, Correctional

22  Lieutenant at Salinas Valley State Prison; and G. SCHOPF, Correctional Officer at Salinas

23  Valley State Prison.  The Clerk shall also serve a copy of this order on Plaintiff.

24     2.     In order to expedite the resolution of this case, the Court orders as follows:

25          a.     No later than **sixty (60) days** from the date of this order, Defendants shall

26  file a motion for summary judgment or other dispositive motion, or shall notify the Court that

27  Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion

28  shall be supported by adequate factual documentation and shall conform in all respects to

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv                    6

1   Federal Rule of Civil Procedure 56.

2   **Defendants are advised that summary judgment cannot be granted, nor qualified**

3   **immunity found, if material facts are in dispute.  If Defendants are of the opinion that this**

4   **case cannot be resolved by summary judgment, they shall so inform the Court prior to the**

5   **date the summary judgment motion is due**.

6         All papers filed with the Court shall be promptly served on Plaintiff.

7         b.     Plaintiff's opposition to the dispositive motion shall be filed with the

8   Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion

9   is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by
> which they seek to have your case dismissed.  A motion for summary
> judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
> granted, end your case.
>      Rule 56 tells you what you must do in order to oppose a
> motion for summary judgment.  Generally, summary judgment
> must be granted when there is no genuine issue of material fact--
> that is,  if there is no real dispute about any fact that would affect
> the result of your case, the party who asked for summary judgment
> is entitled to judgment as a matter of law, which will end your
> case.  When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or other
> sworn testimony), you cannot simply rely on what your complaint
> says.  Instead, you must set out specific facts in declarations,
> depositions, answers to interrogatories, or authenticated
> documents, as provided in Rule 56(e), that contradict the facts
> shown in the defendant's declarations and documents and show
> that there is a genuine issue of material fact for trial.  If you do not
> submit your own evidence in opposition, summary judgment, if
> appropriate, may be entered against you.  If summary judgment is
> granted in favor of defendants, your case will be dismissed and
> there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

      Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

summary judgment must come forward with evidence showing triable issues of material fact on

every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the

granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

1    <u>Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th

2    Cir. 1994).

3        Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative

4    remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice.

5    Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual

6    record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d

7    1108, 1120 n.14 (9th Cir. 2003).

8            c.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after

9    Plaintiff's opposition is filed.

10           d.      The motion shall be deemed submitted as of the date the reply brief is due.

11    No hearing will be held on the motion unless the Court so orders at a later date.

12       3.      All communications by the Plaintiff with the Court must be served on Defendants,

13    or Defendants' counsel once counsel has been designated, by mailing a true copy of the

14    document to Defendants or Defendants' counsel.

15       4.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

16    and the parties informed of any change of address and must comply with the Court's orders in a

17    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

18    pursuant to Federal Rule of Civil Procedure 41(b).

19       5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

20    No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

21    required before the parties may conduct discovery.

22       IT IS SO ORDERED.

23    DATED: __5/22/07_____

                         JEREMY FOGEL

24                       United States District Judge

25

26

27

28

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv           8

1    A copy of this ruling was mailed to the following:

2

     Richard J. Crane
3    C-44519
     Salinas Valley State Prison
4    P.O. Box 1050
     Soledad, CA  93960
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
P:\pro-se\sj.jf\cr.06\Crane910srv                    9