NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 06-6910 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| vs. | ) | SCREEN AMENDED |
| | ) | COMPLAINT; DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| S. HATTON, et al., | ) | DEFAULT JUDGMENT |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket Nos. 17, 40) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") personnel. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. On May 22, 2007, the Court ordered service of the complaint on the Defendants. Thereafter, Plaintiff filed an amended complaint on July 7, 2007. Defendants filed a motion that the Court screen Plaintiff's first amended complaint and Plaintiff has filed opposition. Plaintiff has also filed a motion for default judgment. The Court will GRANT Defendants' motion and review the amended complaint in a separate written order. The Court will DENY Plaintiff's motion for default judgment.

\\\

**DISCUSSION**

Defendants move the Court to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Where plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).

An amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored).

Here, Plaintiff has filed an amended complaint. Accordingly, the Court will GRANT Plaintiff leave to file an amended complaint. The amended complaint, filed on July 7, 2007, is the operative complaint in this matter. Defendants request that the Court screen the amended complaint pursuant to 28 U.S.C. § 1915A. Petitioner opposes the motion, stating that "the Court under its inherent authority would screen any complaint which comes before the Court, and Defendant has no function in this matter." See Pl.'s Opp'n. at 1. Because petitioner is a state prisoner seeking redress from state actors under 42 U.S.C. § 1983, Defendants' motion to screen the amended complaint pursuant to 28 U.S.C. §1915A (docket no. 17) is GRANTED.

///

1  Plaintiff has filed a motion for default judgment, alleging that Defendants failed to timely
2 respond to the amended complaint filed on July 7, 2007 and to his motion for summary
3 judgment, filed on November 1, 2007.  The Court notes that Defendants filed a motion to screen
4 the amended complaint and a waiver of reply on July 18, 2007.  Defendants filed an ex parte
5 motion for extension of time to file an opposition to the motion for summary judgment on
6 November 8, 2007.  The Court granted the motion for extension of time on November 15, 2007.
7 Accordingly, Defendants have timely responded to the amended complaint and the pending
8 motion for summary judgment.  Plaintiff's motion for default judgment (docket no. 40) is
9 DENIED.

## CONCLUSION

Defendants' motion to screen the amended complaint (docket no. 17) is GRANTED.  Plaintiff's motion for default judgment (docket no. 40) is DENIED.  The Court will screen the amended complaint and issue a further scheduling order in a separate written order.

IT IS SO ORDERED.

DATED: 3/19/08

JEREMY FOGEL
United States District Judge