NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>S. HATTON, et al.,<br><br>　　　　　　　Defendants. | No. C 06-06910 JF (PR)<br><br>ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT AND OF SERVICE; ADDRESSING PENDING MOTIONS<br><br>(Docket Nos. 31, 40, 42 & 50) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") employees. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court found the complaint, liberally construed, stated cognizable claims, and ordered service of the complaint on the named Defendants on May 22, 2007. On July 13, 2007, Plaintiff filed a first amended complaint before Defendants had filed a responsive pleading. Defendants filed a motion for the Court to screen Plaintiff's first amended complaint on July 18, 2007. Where plaintiff seeks to amend after a responsive pleading has already been served, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).

1  Since Defendants do not object to the first amended complaint and no responsive
2  pleading has yet been filed, the Court will grant Plaintiff leave to file an amended
3  complaint.  The Court now conducts an initial screening of Plaintiff's first amended
4  complaint ("FAC") pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff alleges on October 15, 2005, he was mistakenly assigned to the main kitchen at SVSP even though he had "No Culinary" and "Porter Only" status at the time. (FAC at 3.)  Plaintiff spoke to SVSP Main Kitchen Sergeant K. J. Prior, who, after reviewing Plaintiff's classification chrono, told Plaintiff that he would write a chrono and ordered Officer Ayala to escort Plaintiff back to his building.  (Id.)  Plaintiff filed an inmate appeal no. 05-04255 on October 19, 2005, requesting a job change with another inmate for a Porter position in a different building.  (FAC Ex. A.)  On the same day, Defendant J. Magallon, a cook in the Main Kitchen, wrote the first of eight CDC 128 chronos for Plaintiff's alleged "refusal to work" on eight different days, starting October 19, 2005 through and including November 23, 2005.  (FAC at 4.)  On November 22, 2005, Plaintiff was issued a Rules Violation Report ("RVR") charging him with "refusal to work" for which he was found guilty and assessed 30 days forfeiture credit.  (FAC Ex. C.)  According to the Director's Level Appeal Decision, (FAC Ex. E), the Second Level of Review found that Plaintiff's due process rights had been violated because the RVR was not issued within the appropriate time frame.  Plaintiff's credit loss was restored in a Modification Order.  (Id.)  The Director's Level Review denied the appeal because no further changes or modifications were necessary.  (Id.)

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

1  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
2  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief
3  may be granted, or seek monetary relief from a defendant who is immune from such
4  relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.
5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements:  (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged deprivation was committed by a person acting under the
9  color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).
10 B.    Plaintiff's Claims
11       Plaintiff states the following claims for relief: 1) Defendants G, Schopf, S, Hatton,
12 and J. Magallon violated due process in the processing of inmate appeal no. 05-04255
13 which resulted in an unfavorable ruling; and 2) Defendants acted in retaliation for
14 pursuing this appeal and for suing a correctional officer in a separate federal action.
15 Liberally construed, these two claims are cognizable under § 1983.
16 C.    Supervisor Liability
17       Plaintiff's third claim against Defendants Director Jeanne Woodford and Secretary
18 James Tilton of the California Department of Corrections and Rehabilitation ("CDCR")
19 alleges that they are liable for "the actions of their subordinates" and for their "refusal to
20 reprimand, remedy or correct these clearly unconstitutional practices."  (FAC at 11.)
21       A supervisor may be held liable under § 1983 upon a showing of (1) personal
22 involvement in the constitutional deprivation or (2) a sufficient causal connection
23 between the supervisor's wrongful conduct and the constitutional violation.  Redman v.
24 County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor
25 therefore generally "is only liable for constitutional violations of his subordinates if the
26 supervisor participated in or directed the violations, or knew of the violations and failed
27 to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
28       Plaintiff has failed to allege facts showing how Defendants Woodford and Tilton

of the CDCR were personally involved in the constitutional deprivations caused by SVSP officials, or that they knew of the violations and failed to act or prevent them. Plaintiff's conclusory statement that Defendants "conspired to deprive [Plaintiff] of his [constitutional] rights because he had the nerve to sue their Department for the deprivations imposed on him, and... obstructed justice and violated Plaintiff's... rights with impunity," (FAC at 11-12), are not sufficient because conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Therefore, the Court will DISMISS this claim without prejudice. If Plaintiff can in good faith assert facts which support a claim against the these Defendants, he may file an amendment to the complaint so alleging within thirty (30) days of the date of this Order. The failure to do so will result in the dismissal of this claim without prejudice.

D.   Pending Motions

Plaintiff's motion for summary judgment (Docket No. 31) is DENIED as premature.

Plaintiff's motion for default judgment (Docket No. 40) is DENIED as Defendants have filed timely responses to the amended complaint.

Plaintiff's motion for preliminary injunction and/or temporary restraining order ("TRO") (Docket No. 42) is DENIED without prejudice to raising in the context of a new action. The basis for the motion are occurrences or events that took place well after the filing of this action. See Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992) (supplemental pleadings setting forth occurrences or events which happened after the date of the original complaint are optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit).

Plaintiff's motion for access to a personal typewriter and TRO (Docket No. 50) is DENIED as there is no constitutional right to the use of a typewriter. See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985).

///

**CONCLUSION**

1. Plaintiff's supervisor liability claim is DISMISSED with leave to amend as set forth above. Plaintiff shall file an amended claim within **thirty (30) days** of the date of this Order. The failure to do so will result in the dismissal of this claim without prejudice.

2. In accordance with the Court's July 23, 2007 order, (Docket No. 24), Defendants S. Hatton, G. Schopf, and J. Magallon of SVSP shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the first amended complaint, (Docket No. 15), as set forth above no later than **sixty (60) days** from the date this order is filed.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See

    The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

  b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

    The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

    Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52,

---

Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1   53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

2       4.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after
3   Plaintiff's opposition is filed.

4       5.    The motion shall be deemed submitted as of the date the reply brief is due.
5   No hearing will be held on the motion unless the Court so orders at a later date.

6       6.    All communications by the Plaintiff with the Court must be served on
7   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true
8   copy of the document to Defendants or Defendants' counsel.

9       7.    Discovery may be taken in accordance with the Federal Rules of Civil
10  Procedure.  No further Court order is required before the parties may conduct discovery.

11      8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
12  Court informed of any change of address and must comply with the Court's orders in a
13  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
14  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15      IT IS SO ORDERED.
16  DATED: 9/3/08
           JEREMY FOGEL
17             United States District Judge