NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 06-06910 JF (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS UNDER 28 U.S.C. § 1915(g); REVOKING *IN FORMA PAUPERIS* STATUS; ADDRESSING PENDING MOTIONS |
| vs. | ) ) ) ) | |
| S. HATTON, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 55, 56, 68 and 70) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") employees. This Court found the amended complaint, liberally construed, stated cognizable claims under § 1983 and ordered Defendants be served with the complaint. Plaintiff was granted leave to proceed in forma pauperis. (Docket No. 9.)

Defendants filed a motion to revoke Plaintiff's in forma pauperis status and dismiss the complaint on the grounds that Plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). (Docket No. 70.) Defendants request the Court to take judicial notice of the documents submitted in support thereof. (Docket No. 71.) Plaintiff filed an opposition to Defendants' motion to dismiss, and Defendants filed

a reply.

## DISCUSSION

A.     28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding further that imminent danger must be shown at time of filing notice of appeal to obtain IFP status on appeal). "Imminent danger" may include an ongoing danger of serious physical injury. See Ashley, 147 F.3d at 717 (holding that plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); cf. Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); Medberry,

185 F.3d at 1193 (finding no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).

A district court should liberally construe the allegations in a complaint filed by a pro se prisoner facing a § 1915(g) bar, construing all allegations in favor of the complainant and crediting those allegations of "imminent danger" that have gone unchallenged. See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is in "imminent danger of serious physical injury"); Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998) (same). Plaintiff has the burden of proving that he is in imminent danger of serious physical injury.

B.     Plaintiff's Prior "Strikes"

Defendants allege that plaintiff has filed, while incarcerated, at least three actions that were dismissed on the basis that they were frivolous, malicious, or failed to state claim, and set forth the following cases: 1) Crane v. Williams, No. 95-835 WMB (C.D. Cal. Jul. 14, 1997) (dismissed for failure to state a claim upon which relief can be granted); 2) Crane v. Schulteis, No. 94-5454 OWW (E.D. Cal. Sept. 8, 1994) (dismissed as frivolous); and 3) Crane v. Gonzales, No. 03-6480 REC (E.D. Cal. Dec. 20, 2004) (dismissed for failure to exhaust administrative remedies). (Defs.' Mot. to Dismiss at 5-6.)

In his opposition, Plaintiff argues that the first case cited by Defendants was not dismissed as frivolous but on "jurisdictional errors" and that the second case was not frivolous. (Pl.'s Oppo. at 3-4.) Plaintiff also argues that the third case is pending on appeal and should not be counted as a strike. This Court grants Defendants' request for judicial notice of the court documents provided in support of their motion to dismiss on the grounds that Plaintiff is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). (Docket No. 71.) It is clear from the relevant documents that Plaintiff had three complaints dismissed on the grounds that they were frivolous, malicious, or failed to state

a claim upon which relief may be granted. See *supra* at 3.  Plaintiff's arguments to the contrary are unpersuasive and without merit.  The first case was dismissed for lack of federal jurisdiction which is nonetheless a dismissal for failure to state a claim upon which relief may be granted.  The second case was clearly dismissed as frivolous.  (See Docket No. 71, Ex. B at 2.)  Lastly, the third case cited by Defendants is no longer pending as the Ninth Circuit upheld the district court's dismissal for failure to exhaust administrative remedies on May 26, 2009.  See Crane v. Gonzales, No. 05-15279, slip op. at 2 (9th Cir. May 26, 2009).  Accordingly, the instant complaint must be dismissed pursuant to § 1915(g) unless Plaintiff can show that he was in imminent danger of serious physical injury at the time the complaint was filed.

C.   Imminent Danger of Serious Physical Injury

Plaintiff has the burden of proving that he is in imminent danger of serious physical injury at the time he filed the complaint.  Plaintiff claims that Defendants violated due process and acted in retaliation for Plaintiff pursuing an inmate appeal and suing a correctional officer in federal cout.  These allegations are not sufficient to show that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint.  See Abdul-Akbar, 239 F.3d at 312.  Having failed to meet his burden, Plaintiff is not entitled to the exception under § 1915(g) to avoid dismissal without prejudice by Defendants' motion.  Plaintiff may still pursue his claims if he pays the full filing fee at the outset of a newly filed action.

**CONCLUSION**

For the reasons stated above:

1.   Defendants' motion to dismiss (Docket No. 70) is GRANTED.  This action is DISMISSED without prejudice to refiling if Plaintiff pays the full filing fee at the outset of the action.

2.   The order entered April 20, 2009 (Docket No. 9), granting Plaintiff leave to proceed in forma pauperis, is VACATED.  Accordingly, Plaintiff's in forma pauperis

Order of Service
P:\PRO-SE\SJ.JF\CR.06\Crane910_mtd-grant (3x).wpd           4

1 status is REVOKED.

2     3.    Plaintiff's motions for summary judgment (Docket Nos. 55 & 56) and motion for temporary restraining order are DENIED as moot.

This order terminates Docket Nos. 55, 56, 68 and 70.

IT IS SO ORDERED.

DATED: 9/22/09

                        JEREMY FOGEL
                        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD J CRANE,

        Plaintiff,

  v.

S HATTON, et al.,

        Defendants.

Case Number: CV06-06910 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  9/22/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard J. Crane C-44519
High Desert State Prison
P.O. Box 3030
Fac. "B" Bldg. #4, Cell #136
Susanville, CA 96127-3030

Dated:  9/22/09

                                                Richard W. Wieking, Clerk
                                                By: Hannah Hwang, Deputy Clerk